UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

R.A.S. (XXX-XX-2364)                         CIVIL ACTION NO. 22-cv-6149

VERSUS                                       JUDGE TERRY A. DOUGHTY

COMMISSIONER OF SOCIAL SECURITY              MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

R.A.S. ("Plaintiff") was born in 1984. He has an eleventh-grade education and no past work experience. When he was 17, he had surgery to install hardware in both of his hips. He has limitations due to degenerative joint disease of the hips and obesity.

Plaintiff filed an application for disability benefits and supplemental security income. ALJ Laureen Penn held a hearing and issued a written decision. She found that Plaintiff was not disabled within the meaning of the law. The Appeals Council denied a request for review, which made the ALJ's decision the Commissioner's final agency decision.

Plaintiff then filed this civil action to seek the limited judicial review that is allowed by 42 U.S.C. § 405(g). Plaintiff represented himself at the agency hearing, and he remains self-represented in this civil action. He filed a brief and argued that the Commissioner's decision was not supported by substantial evidence. For the reasons that follow, it is recommended that the Commissioner's decision be affirmed.

**Summary of the ALJ's Decision**

    **A. The Five Step Analysis**

The Social Security Act defines disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. The regulations set forth a five-step sequential analysis, on which the claimant bears the burden of proof on the first four steps, but the Commissioner bears the burden on the fifth step. The steps are (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity. Salmond v. Berryhill, 892 F.3d 812, 817 (5th Cir. 2018); Perez v. Barnhart, 415 F.3d 457, 461 (5th Cir. 2005).

    **B. The ALJ's Findings**

The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his application date of October 2, 2020. At step two, she found that Plaintiff suffered from severe impairments in the form of degenerative joint disease of the bilateral hips and obesity. She found no findings or diagnoses to support Plaintiff's claims of mental impairments of major depressive disorder and post-traumatic stress disorder. At step three, the ALJ found that none of the severe impairments were so limiting as to meet or equal a listed impairment that would require a finding of disability without consideration of age, education, or work experience.

After step three, the ALJ must assess a claimant's residual functional capacity ("RFC"), which is the most the claimant can still do despite his limitations. Kneeland v. Berryhill, 850 F.3d 749, 754 (5th Cir. 2017). The claimant's RFC is used at steps four and five to determine if the claimant can still do his past relevant work or adjust to other jobs. The ALJ found that Plaintiff had the RFC to perform light work[1] except that he could stand/walk for only four hours and sit for only six hours out of an eight-hour workday. The RFC was further limited by the following restrictions: Plaintiff can occasionally climb stairs and ramps, stoop, crouch, kneel, and crawl, but he cannot climb ladders, ropes, or scaffolds; Plaintiff cannot have exposure to hazards such as unprotected heights and dangerous moving machinery; Plaintiff can understand, remember, and carry out simple instructions and can use judgment to make work related decisions and can sustain concentration and persistence for periods of two hours at a time, but he cannot perform work requiring a specific production rate; he can occasionally interact with the public; and he can tolerate occasional changes in a routine work setting.

At step four, the ALJ found that Plaintiff had no relevant past work. Step five asks whether the claimant, considering his age, education, work experience, and RFC, can perform the demands of other jobs that exist in significant numbers in the economy. A vocational expert ("VE") testified that a person with Plaintiff's RFC and other factors could

---

[1] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. 20 C.F.R. §§ 404.1567(b) and 416.967(b). The full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. Sitting may occur intermittently during the remaining time. Social Security Ruling 83-10.

perform the demands of document preparer, addresser, call out operator, charge account clerk, or ticket checker (all of which are sedentary jobs).[2] The ALJ accepted that testimony and found at step five that Plaintiff was not disabled.

**Issue on Appeal**

The court issued a scheduling order (Doc. 8) that set forth the requirements of the parties' briefs. It required that Plaintiff's brief include a statement of errors that "shall set forth in separate numbered paragraphs the **specific errors** committed at the administrative level which entitle plaintiff to relief." The order emphasized that the court "will consider only those errors **specifically identified** in the briefs" and that a "general allegation that the ALJ's findings are unsupported by substantial evidence, standing alone, is insufficient to invoke the appellate function of the federal court. (Emphasis in original.)

Plaintiff filed a brief (Doc. 13) that included a single statement of error: "Social Security Administration's denial of Steele's claim of disability is not supported by the record evidence." The body of the brief argued that his evidence of joint disease in his hips and obesity demonstrate that he is unable to engage in any substantial gainful activity. Despite the lack of assignment of a specific error, the court will address Plaintiff's general challenge to the decision.

---

[2] Sedentary work is the least demanding category of work activity recognized by the regulations. It involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. A sedentary job involves sitting, but a certain amount of walking and standing is often necessary to carry out job duties. A job is sedentary if walking and standing are required occasionally (up to a total of 2 hours per workday) and other sedentary criteria are met. 20 C.F.R. §§ 404.1567(a) and 416.967(a); Social Security Ruling 83-10.

**Standard of Review; Substantial Evidence**

The court reviews the Commissioner's denial of benefits "only to ascertain whether (1) the final decision is supported by substantial evidence, and (2) whether the Commissioner used the proper legal standards to evaluate the evidence." Whitehead v. Colvin, 820 F.3d 776, 779 (5th Cir. 2016). "Substantial evidence is more than a scintilla and less than a preponderance." Masterson v. Barnhart, 309 F.3d 267, 272 (5th Cir. 2002). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994). "A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." Boyd v. Apfel, 239 F.3d 698, 704 (5th Cir. 2001).

**Relevant Evidence**

**A. Hearing Testimony**

Plaintiff represented himself at the agency hearing. He testified that he was incarcerated in the Caddo Correctional Center facing charges related to guns and drugs, but he believed that they would be resolved because someone else "took the charge." Tr. 38-39. Prior to incarceration, he was able to do some household chores, such as cooking, cleaning, and grocery shopping. Tr. 40-41. He estimated that he could lift around 30 pounds. He said that he had trouble sitting and needed to change positions or elevate his legs often, but he estimated that he could walk about 15 miles. Tr. 42-43. He stated that he was told by a person who performed an X-ray of his leg that he needed a new hip replacement. Tr. 43.

When asked about his mental state, Plaintiff stated that he can follow instructions and gets along well with other people. He has trouble with concentration and memory. Tr. 44-45. He was in special education in school because he did not perform well in regular reading and math. He is able to play card games such as spades. Tr. 46-47.

VE Dana Lessne testified at the hearing. The ALJ presented a hypothetical person with Plaintiff's age, education, and RFC with no past relevant work. The ALJ asked whether such a person could perform the demands of jobs available in the national economy. The VE testified that such a person could perform the demands of the five sedentary jobs listed above.

**Analysis**

The ALJ fully considered Plaintiff's hip problems and related complications caused by obesity. She noted that Plaintiff had declined to provide a written account of his limitations, and at the hearing he said that he could lift and carry 30 pounds, could not stand for more than 30 minutes, had difficulty sitting, and needed to elevate his legs. She found, however, that his claims about the extent of those problems were not entirely consistent with the medical evidence. She pointed to a consultative examination that noted a history of hip replacement at the age of 17 and X-rays that showed sclerosis and the absence of distinct femoral heads. Plaintiff had a reduced range of motion but 4/5 strength in his lower extremities. His body mass index of 33 was in excess of 30, so he was evaluated as obese. The ALJ noted a report from state agency consultant Jeffrey Faludi, M.D., who opined that Plaintiff could perform work at the light exertional level except that he could stand/walk for only four hours out of an eight-hour day and would require some other limitations

regarding climbing, stooping, and the like. The ALJ found that Dr. Faludi's opinions were supported by the evidence and broadly consistent with the record, but she still assessed an RFC that was more limited, and thus more favorable to Plaintiff. The ALJ did not fully accept Plaintiff's testimony about his limitations, noting that there was no indication in the medical records that he would be unable to stand or sit for more than 30 minutes, and no provider had indicated that it was medically necessary for him to elevate his legs while sitting. Tr. 14-15.

The ALJ made a reasonable assessment of the available evidence regarding Plaintiff's hip-related limitations. She did not fully accept Plaintiff's testimony about the extent of his limitations, but an ALJ's findings on credibility of the claimant and the debilitating effect of subjective symptoms, based on her first-hand observation of the claimant, are particularly within her province and entitled to judicial deference. Johnson v. Bowen, 864 F.2d 340, 347 (5th Cir. 1988); Falco v. Shalala, 27 F.3d 160, 164 (5th Cir. 1994). Here RFC is backed by the opinion of Dr. Faludi, who found that Plaintiff had even greater abilities.

Plaintiff's brief mentioned, in addition to his hip and obesity problems, a claim that he "has high blood pressure which cause dizzyness." The ALJ considered hypertension during the step two analysis. She noted that Plaintiff reported a history of the condition, but the record was not indicative of associated symptomology aside from a blood pressure reading of 178/117 at his consultative examination. Tr. 11, 245. The Commissioner also points to a reading of 138/94 taken at the jail. Tr. 236. The ALJ found that hypertension was not a severe impairment because Plaintiff did not treat the condition with medication,

and there was no history of inpatient or emergency treatment related to hypertension. She stated that she nonetheless considered all impairments, including those that were not severe, when assessing Plaintiff's RFC. Tr. 11.

Plaintiff's mention of high blood pressure in his brief is insufficient to deprive the Commissioner's decision of substantial evidence on this point. The ALJ acknowledged the claim, looked to the medical evidence and lack of related medication or treatment, and made a reasonable assessment that hypertension was not a severe impairment. She also found an RFC that precluded exposure to unprotected heights or dangerous moving machinery, excluded any climbing of ladders or scaffolds, and limited climbing stairs and ramps to only occasionally. Plaintiff has not demonstrated that he has a greater degree of limitation, stemming from hypertension, than would be accommodated by that RFC and that would preclude him from performing the demands of the sedentary jobs listed by the VE. There is substantial evidence to support the Commissioner's decision, and Plaintiff has not pointed to any improper legal standards employed in the evaluation of the evidence.

Accordingly,

It is recommended that the Commissioner's decision be affirmed and this civil action be dismissed with prejudice.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another

party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 29th day of February, 2024.

_____
Mark L. Hornsby
U.S. Magistrate Judge